J-S37010-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BETHANY HINKLEY | |
| Appellant | No. 768 WDA 2015 |

Appeal from the Judgment of Sentence March 18, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0002385-2014

BEFORE:  GANTMAN, P.J., SHOGAN, J., and LAZARUS, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED APRIL 28, 2016**

Appellant, Bethany Hinkley, appeals from the judgment of sentence entered in the Allegheny County Court of Common Pleas, following her guilty plea to aggravated assault, recklessly endangering another person ("REAP"), harassment, and public drunkenness/similar misconduct.[1]  We affirm.

The relevant facts and procedural history of this case are as follows. On January 12, 2015, Appellant entered a guilty plea[2] (open as to sentencing) to aggravated assault, REAP, harassment, and public drunkenness/similar misconduct, stemming from an incident that occurred

_____

[1] 18 Pa.C.S.A. §§ 2702(a)(4); 2705; 2709(a)(1); 5505, respectively.

[2] On the same day, Appellant also pled guilty to defiant trespass and other offenses in an unrelated case.

on February 7, 2014, where Appellant threw a glass bottle at Victim during an argument, blinding Victim in one eye. Appellant admitted she was drunk at the time of the incident. Victim testified at the guilty plea hearing regarding the impact Appellant's actions had on his life. On March 18, 2015, with the benefit of a pre-sentence investigation ("PSI") report, the court sentenced Appellant to eighteen (18) to thirty-six (36) months' imprisonment and five (5) years' concurrent probation for aggravated assault; the court imposed no further penalty for the remaining convictions.[3] Victim testified again at the sentencing hearing regarding the impact of Appellant's actions.

On April 16, 2015, Appellant filed a petition to file a post-sentence motion *nunc pro tunc*, as well as a post-sentence motion *nunc pro tunc*. The court granted Appellant's request to file a post-sentence motion *nunc pro tunc*, and denied relief on April 17, 2015. Appellant timely filed a notice of appeal on May 15, 2015. On May 18, 2015, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Following two extensions, Appellant timely filed her concise statement on October 30, 2015.

_____

[3] At sentencing in the present case, the court also accepted Appellant's negotiated guilty plea to aggravated assault in a third and unrelated case, and sentenced Appellant to three (3) years' probation for the aggravated assault offense. The court imposed no further penalty for Appellant's defiant trespass and related convictions.

Appellant raises one issue for our review:

DID THE TRIAL COURT FAIL TO ADEQUATELY CONSIDER AND APPLY ALL OF THE RELEVANT SENTENCING CRITERIA, INCLUDING THE PROTECTION OF THE PUBLIC, THE GRAVITY OF THE OFFENSE, AND [APPELLANT'S] REHABILITATIVE NEEDS, AS REQUIRED UNDER 42 PA.C.S.A. § 9721(B) (SENTENCING GENERALLY)?

(Appellant's Brief at 5).

Appellant argues the court ignored her rehabilitative needs, character, and other mitigating evidence in imposing a state sentence of eighteen to thirty-six months' incarceration. Appellant avers the court discounted mitigating factors such as her expression of remorse, the fact that she took responsibility for her crimes, her military service, plus her substance abuse and mental health issues. Appellant contends the record shows she was amenable to rehabilitation, given her prior service in the armed forces, interest in furthering her education through the GI bill, and prior employment at grocery stores and restaurants. Appellant claims the court focused too much on the seriousness of her offenses when it imposed a state sentence because Appellant did not intend to blind Victim when she threw a bottle at him. Appellant emphasizes she was intoxicated at the time of her actions, and suffers from addiction, bipolar disorder, and anxiety, so a county sentence with a provision to serve some time in alternative housing would have better met her rehabilitative needs. Appellant complains the court also improperly considered her aggravated assault conviction in an unrelated case to justify the excessive sentence in this case. Appellant

concludes the court abused its sentencing discretion, and this Court must remand for resentencing. As presented, Appellant's claims implicate the discretionary aspects of sentencing. *See, e.g., Commonwealth v. Cartrette*, 83 A.3d 1031 (Pa.Super. 2013) (*en banc*) (explaining claim sentencing court failed to consider Section 9721(b) factors pertains to discretionary sentencing matters); *Commonwealth v. Clarke*, 70 A.3d 1281 (Pa.Super. 2013), *appeal denied*, 624 Pa. 671, 85 A.3d 481 (2014) (stating contention court focused solely on serious nature of crime without adequately considering protection of public and defendant's rehabilitative needs concerns court's sentencing discretion); *Commonwealth v. McAfee*, 849 A.2d 270 (Pa.Super. 2004), *appeal denied*, 580 Pa. 695, 860 A.2d 122 (2004) (explaining claim court considered improper factor upon sentencing challenges discretionary aspects of sentencing); *Commonwealth v. Cruz-Centeno*, 668 A.2d 536 (Pa.Super. 1995), *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (stating allegation court overemphasized seriousness of crime without considering mitigating factors challenges discretionary aspects of sentencing).

A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right. *Commonwealth v. Hunter*, 768 A.2d 1136 (Pa.Super. 2001), *appeal denied*, 568 Pa. 695, 796 A.2d 979 (2001). Prior to reaching the merits of a discretionary sentencing issue:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P.

902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted). Objections to the discretionary aspects of a sentence are waived if they are not raised at the sentencing hearing or in a timely filed post-sentence motion. **Commonwealth v. Griffin**, 65 A.3d 932 (Pa.Super. 2013), *appeal denied*, 621 Pa. 682, 76 A.3d 538 (2013). "This failure cannot be cured by submitting the challenge in a Rule 1925(b) statement." **McAfee, supra** at 275.

What constitutes a substantial question must be evaluated on a case-by-case basis. **Commonwealth v. Paul**, 925 A.2d 825 (Pa.Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Commonwealth v. Sierra**, 752 A.2d 910, 913 (Pa.Super. 2000) (internal citation omitted). In other words, an appellant's Rule 2119(f) statement must sufficiently articulate the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing

- 5 -

Code or a particular fundamental norm underlying the sentencing process.

***Commonwealth v. Mouzon***, 571 Pa. 419, 812 A.2d 617 (2002).

On appeal, this Court will not disturb the judgment of the sentencing court absent an abuse of discretion. ***Commonwealth v. Fullin***, 892 A.2d 843 (Pa.Super. 2006).

> [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. In more expansive terms, …: An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.
>
> The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it. Simply stated, the sentencing court sentences flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review. Moreover, the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed. Even with the advent of the sentencing guidelines, the power of sentencing is a function to be performed by the sentencing court. Thus, rather than cabin the exercise of a sentencing court's discretion, the guidelines merely inform the sentencing decision.

***Commonwealth v. Walls***, 592 Pa. 557, 564-65, 926 A.2d 957, 961-62 (2007) (internal quotation marks, footnotes, and citations omitted).

Pursuant to Section 9721(b), "the court shall follow the general

principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). "[T]he court shall make as part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." *Id.* Nevertheless, "[a] sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question...." *Commonwealth v. Crump*, 995 A.2d 1280, 1283 (Pa.Super. 2010), *appeal denied*, 608 Pa. 661, 13 A.3d 475 (2010). Rather, the record as a whole must reflect the sentencing court's consideration of the facts of the case and the defendant's character. *Id. See also Commonwealth v. Fowler*, 893 A.2d 758 (Pa.Super. 2006) (explaining where sentencing court had benefit of PSI report, we can presume it was aware of relevant information regarding defendant's character and weighed those considerations along with mitigating factors); *Cruz-Centeno, supra* at 546 (stating: "Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed").

Instantly, Appellant raised the following issues in her post-sentence motion *nunc pro tunc*:

> [Appellant] respectfully maintains that this Honorable
> [c]ourt committed an abuse of sentencing discretion, and

respectfully requests a modification for the following reasons:

>a) [Appellant] took responsibility for her actions by pleading guilty;

>b) [Appellant] is a high school graduate and a U.S. Airforce veteran, having worked as a combat radio operator;

>c) [Appellant] has a work history in the hotel and restaurant industry; and,

>d) [Appellant] is willing to participate in treatment, as evidenced by her participation in several programs at the Allegheny County Jail since her incarceration, including the 5MC pod, Moving On, and Trauma and Addiction.

(Appellant's Post-Sentence Motion *Nunc Pro Tunc*, filed April 16, 2015, at 3 ¶5). Significantly, Appellant failed to preserve in her post-sentence motion *nunc pro tunc* her complaints on appeal that the court failed to consider the Section 9721(b) sentencing factors, focused too much on the seriousness of her offenses, ignored her addiction and mental health issues and expression of remorse, and improperly considered her aggravated assault conviction in an unrelated case. Thus, these claims are waived. *See Griffin, supra*. Appellant's inclusion of these issues in her Rule 1925(b) statement does not cure this defect. *See McAfee, supra*. Regarding the claim Appellant did preserve, *i.e.*, the allegation that the court ignored various mitigating factors, Appellant does not present a substantial question warranting review. *See Cruz-Centeno, supra* (explaining allegation that sentencing court failed to consider or adequately consider certain factors does not raise

substantial question).

Moreover, in analyzing Appellant's challenge to its sentencing discretion, the trial court reasoned:

> At the sentencing hearing, this [c]ourt noted that it had read and considered a Pre-Sentence Investigation report. …
>
> At the time of the plea, this [c]ourt noted that the maximum sentence for Aggravated Assault by Deadly Weapon was 10 years and the maximum sentence for [REAP] was two (2) years, for a maximum possible sentence of 12 years.
>
> This [c]ourt then placed its reasons for imposing sentence on the record. It stated:
>
>> THE COURT: Well, you know, [Appellant], I've gone over your record, and you have been actually having problems with alcohol and mental health issues since 1992.
>>
>> * * *
>>
>> THE COURT: You have been in and out of treatment. Now, 15 years later, here we are. We have two people that you have physically assaulted. One of them is [a victim in an unrelated case]; and the second one is the victim in this case.
>>
>> So I will note for the record that you are sorry and you can't do anything about it[.]
>>
>> * * *
>>
>> Well, the guidelines indicate that you are an eight and a one, which is a standard range sentence of 12 to 18 months. The [c]ourt will note that you did plead guilty; but your background, as I just stated, begins in 1992; and you've been on and off trying to rehabilitate yourself, and you have never been successful.

You have—you apparently stabbed your boyfriend in January of 2014, and then a month later caused [Victim] to lose his eyesight.

You have prior offenses for DUI, for simple assault, for terroristic threats; and I am particularly beside myself because you had a beer last night.

[APPELLANT]: I was being honest with the [c]ourt.

THE COURT: Well, I know; but it leads me to believe that you have no intention to rehabilitate yourself.

(Sentencing Hearing Transcript, p. 8-9, 11-12).

As the record reflects, this [c]ourt considered the circumstances of the present offense[s], evaluated [Appellant's] potential for rehabilitation and imposed a sentence which took all of these factors into consideration. The sentence imposed—18 to 36 months, was well within the statutory guidelines and was, therefore, legal. Given the facts of this case, the sentence imposed was appropriate, not excessive and well within this [c]ourt's discretion. This claim must fail.

(Trial Court Opinion, filed December 1, 2015, at 2-4). We see no reason to disrupt the court's sentencing discretion in this case. *See Walls, supra*; *Crump, supra*; *Fullin, supra*.

The record makes clear the court heard the Commonwealth's recitation of the facts at the guilty plea hearing, which Appellant did not dispute. The court also heard Victim's impact statement at the guilty plea hearing and again at sentencing. The court evaluated the arguments of counsel at sentencing, including but not limited to, defense counsel's request for a

county sentence based on Appellant's alcohol dependence and rehabilitative needs, and her acceptance of responsibility. Additionally, the court had the benefit of a PSI report, so we can presume it was aware of relevant information regarding Appellant's character and weighed those considerations along with mitigating factors. *See Fowler, supra*; *Cruz-Centeno, supra*. Therefore, even if Appellant had preserved her claims on appeal, they would nevertheless merit no relief. *See Walls, supra*; *Fullin, supra*. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/28/2016